IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-1946-ZLW-CBS

DONNA SHEEKS,

    Plaintiff,

v.

EL PASO COUNTY SCHOOL DISTRICT NO. 11,

    Defendant.

ORDER

    The matters before the Court are (1) Defendant's Unopposed Motion To File Exhibit Under Seal and (2) Defendant's Amended Motion To File Under Seal.  Pursuant to D.C.COLO.LCivR 7.2.A., documents may be filed under seal based upon "a showing of compelling reasons."  Defendant contends that the documents contained in its "Revised Ex. B. Att. 3," (Doc. No. 134) should be filed under seal because they are protected by the attorney-client privilege.  "A document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential."[1]  Plaintiff does not appear to dispute that the attorney-client privilege applies to the documents, but, rather, contends that the documents should not be

---

[1] Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998), citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983).

sealed because they are not relevant to the underlying Motion To Disqualify Cornish & Dell'Olio, P.C.[2]

The Court, having reviewed the parties' papers, "Revised Ex. B. Att. 3," and the Statements Of The Parties Concerning Documents Submitted Under Seal . . . , concludes that certain of the documents which Defendant seeks to have sealed are protected by the attorney-client privilege and therefore shall be sealed.  Those documents are: page nos. 1-11, 59, 63-67, 84, 87, 90, 93-112, 113, 133-134, 141-143, 161, 190-198, 199-203, 288, 309, and 320-321.  Plaintiff's relevance objections do not go to whether the documents should be sealed, but rather to whether they are admissible on the underlying Motion To Disqualify Cornish & Dell'Olio, P.C.  Plaintiff has filed no such objections in connection with the underlying motion.

The remaining documents (page nos. 68, 132, 135-136, 144, 162, 204, 257, 283, 284, 286, and 287) are not confidential communications between Defendant and Defendant's counsel, and therefore they are not protected by the attorney-client privilege.  Defendant has cited no authority, and the Court has found none, indicating that internal law firm communications which are not conveyed to the client are covered by the attorney-client privilege.  The attorney work-product doctrine does not apply,

---

[2]See Statements Of The Parties Concerning Documents Submitted Under Seal . . . (Doc. No. 132) and Attachment A thereto.

even if Defendant had asserted it, because there is no indication that the documents were prepared in anticipation of litigation.[3]  Accordingly, it is

ORDERED that Defendant's Amended Motion To File Under Seal (Doc. No. 133) is granted in part and denied in part.  It is

FURTHER ORDERED that the motion is granted as to page nos. 1-11, 59, 63-67, 84, 87, 90, 93-112, 113, 133-134, 141-143, 161, 190-198, 199-203, 288, 309, and 320-321 of "Revised Ex. B. Att. 3" (Doc. No. 134), and those pages shall be sealed.  It is

FURTHER ORDERED that the motion is denied to as to page nos. 68, 132, 135-136, 144, 162, 204, 257, 283, 284, 286, and 287 of "Revised Ex. B. Att. 3" (Doc. No. 134), and Defendant shall re-file those pages, *unsealed*, on or before April 18, 2006.  It is

FURTHER ORDERED that Defendant's request to withdraw the original "Exhibit B. Att. 3" (Doc. No. 118) is granted, and said document is deemed withdrawn.  The Clerk is instructed to note on the docket entry for Doc. No. 118 that the document is withdrawn.  The document is to remain under seal.  It is

---

[3]See Aull, 185 F.R.D. at 624.

FURTHER ORDERED that Defendant's Unopposed Motion To File Exhibit Under Seal (Doc. No. 109) is denied as moot.

DATED at Denver, Colorado, this  12  day of April, 2006.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK,  Senior Judge
United States District Court